C. C. Bush, *et al.,* doing business as Ball Ground Monument Co., v. Cary Brown, Gussie Schofield, *et al.*

162 So. 508.
Division B.
Opinion Filed June 22, 1935.

*E. C. Boswell* (Geneva, Ala.), for Appellants;
*D. Stuart Gillis,* for Appellees.

Buford, J.—The appeal brings for review an order overruling and denying motion to dismiss amended bill of complaint and also final decree in favor of complainants.

The allegations of the amended bill of complaint show that one J. J. Brown died intestate. That the complainants and the defendant, A. C. Brown, were his sole heirs at law. That he left sufficient personal property to pay all his debts and obligations. That he left certain described real estate which was never an asset in the hands of the Administrator,

A. C. Brown. That A. C. Brown was a member of a co-partnership from which he purchased certain monuments or slabs as the Administrator of the Estate of J. J. Brown, deceased. That he did not pay for the monuments or slabs and the co-partnership filed suit against him as such Administrator. That he was served with process and allowed judgment to be taken by default. That a pretended levy was made on the real estate of which J. J. Brown died siezed and possessed and a sheriff's sale made thereof without any of the complaining heirs having been made parties and without any order of the Probate Court or of any court of competent jurisdiction, authorizing the Administrator to take charge of the real estate or any part thereof for the purpose of paying the debts of the deceased.

It is alleged that the purchase of the slabs or monuments by the Administrator was not authorized by law and was without legal authority and created no legal obligation against the estate of J. J. Brown, deceased.

The allegations were entirely sufficient to warrant the relief prayed. It is shown that A. C. Brown as Administrator, the judgment debtor, had no right, title or interest in the lands involved.

The doctrine of *caveat emptor* applies to the purchaser at the sheriff's sale. Higgins v. Driggs, 21 Fla. 103; Gracy v. Fielding, 71 Fla. 1, 70 Sou. 625.

The complainants were not guilty of laches which would preclude the maintenance of the suit.

The order and decree appealed from are without error and should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.